THE PEOPLE *ex rel.* JOHN STURGIS *v.* MARK SHEPARD, JUDGE OF THE COUNTY COURT OF CONTRA COSTA COUNTY.

WANT OF JURISDICTION RENDERS A JUDGMENT VOID.—A judgment of a County Court discharging an insolvent from his debts, when the Court has no jurisdiction, is void in the extreme sense, and leaves the creditors at liberty to enforce the collection of their debts at discretion.

JURISDICTION OF SUPREME COURT IN INSOLVENT CASES.—The constitutional amendments have not withdrawn from the Supreme Court the jurisdiction to review on appeal judgments in insolvent proceedings.

REVIEW OF JUDGMENTS IN INSOLVENT CASES.—Proceedings in insolvent cases must be brought before the Supreme Court by appeal and not by *certiorari*.

WHEN CERTIORARI WILL LIE.—*Certiorari* does not lie where there is an appeal.

THIS was an original proceeding commenced in the Supreme Court. On the 7th day of July, 1856, relator recovered a judgment in the District Court of the Seventh Judicial District, Contra Costa County, against George F. Worth.

On the 21st day of January, 1858, the insolvent (Worth) filed his petition in the District Court of the Seventh District, in Contra Costa County, praying to be discharged from his debts, under the Insolvent Act of 1852. After publication of notice to creditors, and on the 2d day of March, 1858, (the day appointed in said order for the meeting of creditors,) no

creditor having appeared, the Court made and signed a formal order by which the Sheriff was authorized to act as assignee, and by which, also, the assets, both real and personal, of the insolvent, appearing to be exempt by law from process, were set apart for his and his family's use. On the same day an entry was made by the Clerk upon the "minutes" of the Court to the effect that the insolvent was ordered to be discharged from his debts.

In January, 1863, relator, a judgment creditor described in insolvent's schedule, applied to the Court to dismiss the proceedings upon the alleged ground of want of diligence in prosecuting the same to final judgment. This was refused. In February, 1863, relator applied to the Court to have execution issued on his judgment described in insolvent's schedule, as one of the debts from which he sought discharge. This also was refused. On February 23d, 1863, relator's application for leave to bring action to revive his judgment was granted. Such action was brought, and in defense, and as a bar thereto, insolvent pleaded and on trial introduced the entire record of his insolvency proceedings as constituting and presenting a judgment of discharge from the debt sued on. The Court held the record to constitute no defense, that the order or decree of discharge was "void," in being made ten days prior to the time prescribed by the twentieth section of the Insolvent Act for opposition by creditors; and upon this ground rendered judgment, in January, 1864, for the plaintiff.

In July, 1864, under the amended Constitution, and by virtue of the Act for the "Transfer of Civil Cases," (See Laws 1863–4, p. 3, Sec. 3,) these proceedings in insolvency, as still "pending and undetermined," were transferred to the proper County Court, which thereupon taking jurisdiction as provided in such cases, at its next regular term in September, 1864, after appearance and opposition thereto made by relator, rendered in behalf of insolvent a full, formal, and final judgment or decree of discharge from (as by its terms expressed) all his debts contracted after the passage of the Act of 1852, and duly set forth and named in his schedules filed in 1858.

*H. Allen*, for Relator.

*M. S. Chase*, for Respondent.

By the Court, SHAFTER, J.

*Certiorari*, to review the proceedings of the County Court of Contra Costa County, in *Worth* v. *His Creditors*.

It appears that an order was made in the said proceeding, on the 23d day of July, 1864, restraining the relator from enforcing the collection of a judgment for six thousand nine hundred and thirty dollars, recovered by him against Worth in the District Court of the Fourth Judicial District, January 6th, 1864; and that a judgment was entered on the 7th of September, 1864, discharging Worth from his debts.    The point is made that it is apparent on the face of the record that the County Court had no jurisdiction to make the order or to render the judgment of discharge; and for the alleged reason that the insolvency proceeding had, anterior to both the order and judgment, been ended by a final judgment in the District Court wherein it was originally instituted.    Should this be conceded, it would follow that the supplementary action of the County Court was void in the extreme sense; leaving the plaintiff at liberty to enforce the collection of his judgment at discretion.    But assuming that the petitioner as one of the creditors of Worth, has the right to call upon this Court to review the proceedings of the County Court and that our interposition is essential to his just relief, then the remedy of the defendant is by appeal and not by writ of review.    The latter lies only when the former does not.    It was decided in *Kohlman* v. *Wright*, 6 Cal. 231, and in *Fisk* v. *His Creditors*, 12 Cal. 281, not only that the Supreme Court had jurisdiction in error in insolvency cases, but that such cases might be brought up by appeal.    The jurisdiction in error has not been withdrawn by the constitutional amendments; nor has the three hundred and thirty-sixth section of the Practice Act,

giving an appeal from final judgments in special proceedings, been repealed.

Petition dismissed.

Mr. Justice CURREY expressed no opinion.