[No. 5556.]

### H. P. LIVERMORE v. J. B. CAMPBELL.

52 75
108 450

52 75
110 57

52 75
127 421

52 75
137 496

APPEALABLE ORDER. — An order of the Court setting aside a judgment entered by the Clerk is appealable, even if it is only a judgment in form and is invalid.

TRIAL OF CAUSE. — If an appeal is taken from an order of the District Court setting aside a judgment, the District Court cannot try the case until the appeal is heard and determined.

APPLICATION to the Supreme Court for a writ of prohibition.

On the 10th day of December, 1877, Jefferson G. James, Horatio P. Livermore, and a number of other persons commenced an action against John Center and several other persons in Fresno County, Thirteenth Judicial District, to have them declared the trustees of the plaintiffs in the ownership of certain lands, and to quiet the title to said lands. The defendants, most of them, answered, and also filed what they called cross-complaints; to which cross-complaints the plaintiffs filed answers. On the 15th of February, 1877, the plaintiffs' attorneys filed with the Clerk a dismissal of the action, at the plaintiffs' costs. The Clerk thereupon entered a judgment dismissing the action and in favor of the defendants for their costs,

leaving a blank to be filled with the amount of costs. On the next day the plaintiffs' attorneys notified the defendants' attorneys that the cause was dismissed. Defendants' attorneys procured from the Judge an order on the plaintiffs to show cause, on the 26th day of February, 1877, why the order of dismissal should not be set aside and vacated, and the cause restored to the calendar. On the last named day both parties appeared by their attorneys, and the Court heard argument and took the cause under advisement. On the 2nd of March the Court made an order setting aside and vacating the judgment of dismissal, and placing the cause on the calendar for trial on the 12th of March. On the 8th day of March, 1877, the plaintiffs served and filed a notice of appeal to the Supreme Court from the order vacating the judgment, and also filed an undertaking on appeal. The District Court was about to proceed and try the cause on the 12th, when the plaintiffs procured from the Supreme Court an alternative writ for the Judge to show cause why a writ of prohibition should not issue. The Judge, in his answer, assigns as reasons why he should be allowed to proceed and try the cause, notwithstanding the appeal, the following:

1. That the judgment of the Clerk was entered without authority of law, and was invalid.

2. That he had authority to vacate it, and if the order vacating was erroneous, it could be reached by appeal from a judgment to be finally rendered in the cause.

3. That on the 8th day of March, when the appeal was taken from the order vacating the judgment, no judgment existed, and the order was not then an order after final judgment and no appeal could be taken from it.

*Stetson & Houghton* and *McAllister & Bergin,* for the Writ.

*Sol. A. Sharp, P. G. Galpin, Clark Churchill,* and *J. H. Brewer,* Contra.

By the COURT:

The question underlying the discussion herein is, whether the order of the District Court setting aside the judgment entered by the Clerk is appealable.

Section 939 of the Code of Civil Procedure gives an appeal: In the first subdivision from a final judgment, etc.—in the third subdivision from a special order made after final judgment.

It has been repeatedly held by this Court that an appeal lies from a *void* judgment, and it follows that an order setting aside a judgment in form, on the ground that it is in fact invalid, is also appealable, and until such appeal is heard this Court will not inquire whether the Court or Clerk had or had not jurisdiction to enter the judgment.

The case being in this Court by appeal, the Court below cannot proceed in it until the appeal is heard and determined. (Code of Civil Procedure, sec. 946.)

Let a peremptory writ of prohibition issue as prayed for.