[No. 12204.    In Bank. — March 29, 1888.]

IN THE MATTER OF THE ESTATE OF FRANK DYER BULLOCK, DECEASED.

ESTATE OF DECEDENT — PREMATURE SETTLEMENT OF ACCOUNT. — An order of the superior court sitting in probate, which directs an administrator to dismiss an action brought by him on a claim alleged to be due the estate, and to forthwith file his final account, and which, after finding that no property belonging to the estate has ever come into his hands as administrator, further directs that upon the settlement of the account so to be filed the administrator be discharged and the estate closed, is erroneous in that it attempts to settle the account of the administrator before the same is filed.

ID. — APPEALABILITY OF ORDER HOW DETERMINED. — Whether an order is appealable is to be determined by what it purports to determine, and not by what may be its actual operative effect.

APPEAL from an order of the Superior Court of the city and county of San Francisco directing an administrator of the estate of a decedent to file his final account, and settling the same.

The facts are stated in the opinion of the court.

*Henry Thompson,* for Appellant.

*David McClure,* for Respondent.

McKINSTRY, J. — By the last will and testament of deceased, his mother, Almira W. Wheeler, was made sole legatee and devisee of his estate. She was also his only heir at law.

Washington Ayer, as assignee of Almira W. Wheeler, moved the superior court wherein the administration was pending, that citation issue to George A. Worn, administrator with the will annexed of the estate of deceased, commanding him to appear and show cause why an order should not be entered directing him to dismiss a certain action theretofore brought by said Worn as administrator, etc., against the executors of E. M. Fry,

deceased, and Charles S. Neal, and then pending in the superior court of San Francisco; and further requiring the said Worn, as administrator, etc., to file his final account as such. On the return day of the citation, Worn, as administrator, showed, or attempted to show, cause.

The court below made and entered an order entitled in the transcript, "Order directing administrator to file account, etc.," wherein the court directed that the said administrator with the will annexed, "on the coming to him of a certified copy of this order, do forthwith file in this court an account of the receipts and disbursements made by him as administrator with the will annexed of said estate since his qualification as such, and of his actions and proceedings as such administrator since said date." The order then proceeds,—and it is from that portion of the order which follows that this appeal is taken,—"which said account shall stand and serve as the final account of such administrator, and it is further ordered, adjudged, and decreed that said George A. Worn, as administrator with the will annexed of the estate of Frank Dyer Bullock, deceased, do forthwith dismiss, abate, and discontinue, and that he do order and require to be dismissed, abated, and discontinued, that certain action hereinabove mentioned as pending in the superior court of the city and county of San Francisco, state of California, numbered 16665, and entitled, George A. Worn, as administrator with the will annexed of the estate of F. D. Bullock, deceased, plaintiff, v. J. D. Fry, executor of the last will and testament of E. M. Fry, deceased, and Charles S. Neal, defendants, and that no further proceeding be had or taken therein by said George A. Worn, except as may be necessary to procure the dismissal, abatement, and discontinuance of said action.

"And it having appeared to the court that no property of any nature, kind, or description belonging to said estate has ever come to the hands of said George A. Worn, as such administrator, or otherwise, and that there are

not any claims in favor of said estate, except the claim which is the subject and basis of the above-mentioned action, it is therefore ordered by the court that upon the settlement of the said account (for the filing of which order and direction has been hereinabove made) the said George A. Worn shall be relieved and discharged from the duties of his trust as the administrator with the will annexed of the estate of said Frank D. Bullock, deceased, and that the estate of Frank D. Bullock, deceased, be thereupon and immediately thereafter terminated, settled, ended, and closed."

We express no opinion as to the validity of the orders contained in the portion of the decree appealed from. Void orders may be appealable. If the orders appealed from can be treated simply as orders commanding the dismissal of the action against the executor of the estate of Fry, deceased, and another, and directing the discharge of Worn, administrator, upon and after the settlement of an account not yet filed, they were premature, but not appealable. (Code Civ. Proc., sec. 963.) But they were neither mere recitals nor orders independent of the settlement of the account which was ordered in the same decree. When the court undertook to direct the dismissal of an action brought by the administrator upon a claim alleged to be due the estate, and to find thereupon that there was no property in the hands of the administrator, it undertook both to state and settle his account to that extent. It determined his rights in that regard, and settled, or attempted to settle, his account as effectually as if the order had been made after he had filed an account.

Whether an order is appealable is to be determined by what it purports to determine, not by what may be its actual operative effect. The portion of the decree appealed from was, if operative, a settlement of an account.

From what has been said, it appears that the court below erred in entering and making it.

That portion of the judgment or order appealed from is reversed.

TEMPLE, J., THORNTON, J., and SHARPSTEIN, J., concurred.