[S. F. No 114.   In Bank.—July 31, 1895.]

G. R. STODDARD, AS COLLECTOR, ETC., PETITIONER, *v.* SUPERIOR COURT OF STANISLAUS COUNTY ET AL., RESPONDENTS.

APPEAL — INJUNCTION AFTER JUDGMENT — APPEALABLE ORDER — CERTIORARI. — In an action to obtain a perpetual injunction restraining the collector of an irrigation district from selling land for delinquent assessments due to the district, where, after an appeal has been taken from a final judgment in favor of the defendant, the court, upon plaintiff's motion, made an order enjoining and restraining the collector from selling the property during the pendency of the appeal, such order of injunction is appealable as an order made after final judgment, or as an order granting an injunction, and, conceding that the court had no jurisdiction to make the order, yet being appealable, it cannot be reviewed upon certiorari.

APPLICATION in the Supreme Court for a writ of certiorari to review and annul an order of the Superior

Court of Stanislaus County granting an injunction after judgment. W. O. MINOR, Judge.

The facts are stated in the opinion of the court.

*C. C. Wright,* and *R. Percy Wright,* for Petitioner.

The court had no jurisdiction to make an order enjoining or restraining the defendant after a final judgment determining that the plaintiffs were not entitled to an injunction. (*Spears* v. *Mathews,* 66 N. Y. 127; *Fellows* v. *Heermans,* 13 Abb. Pr., N. S., 1; *Hicks* v. *Michael,* 15 Cal. 107; *Swift* v. *Shepard,* 64 Cal. 423.)

*C. W. Eastin,* for Respondents.

A writ of review cannot be granted on petition of a party who is entitled to appeal from the order or judgment of which he complains. (*Faut* v. *Mason,* 47 Cal. 7; *Weill* v. *Light,* 98 Cal. 193; *Stuttmeister* v. *Superior Court,* 71 Cal. 322; *Heinlen* v. *Phillips,* 88 Cal. 557; *Gibson* v. *Superior Court,* 83 Cal. 643; Code Civ. Proc., secs. 939, subd. 3, 963, subd. 2, 1068.)

McFARLAND, J.—This is an application of petitioner Stoddard for a writ of certiorari to review and annul an order of the superior court restraining petitioner from selling certain property; and it has been submitted upon a demurrer of the respondents to the petition.

The demurrer must be sustained. The petition shows these facts: One Underwood and others brought an action in the said superior court against the petitioner here, Stoddard, as collector of the Modesto irrigation district, for a perpetual injunction restraining Stoddard from selling certain land for delinquent assessments due said district. A temporary restraining order was granted by the court; but upon the hearing a final judgment was rendered in said action in favor of Stoddard, defendant therein and petitioner here. The plaintiffs in said action took an appeal from said judgment to this court; but, after the said appeal had been taken, the court, upon plaintiffs' motion, made an order enjoining

and restraining Stoddard from selling the property described in the complaint during the pendency of the appeal. It is this last order that petitioner Stoddard seeks to have reviewed and annulled in this present proceeding, upon the ground that said court had no jurisdiction to make it. The demurrer is upon the ground, among others, that the said order is an appealable order, and therefore cannot be reviewed on certiorari.

Petitioner, in his brief, does not contest the proposition that the order is appealable—either as an order made after final judgment, or as an order granting an injunction; he directs his argument to the points that the court had no jurisdiction to make the order, and that an appeal would not be a plain, speedy, and adequate remedy. It may be readily admitted that the court had no jurisdiction to make the order; but, as the order is appealable, certiorari will not lie, because it lies only where "there is no appeal." (Code Civ Proc., sec. 1068.) In this respect it differs from mandamus and prohibition, which lie "*in all cases* where there is not a plain, speedy, and adequate remedy in the ordinary course of law." (Code Civ. Proc., secs. 1086, 1103.) With respect to certiorari the language of the code is, "when . . . . there is no appeal, *nor,* in the judgment of the court, any plain, speedy, and adequate remedy." (Code Civ. Proc., sec. 1068.) In *Stuttmeister* v. *Superior Court,* 71 Cal. 322, the authorities on the point are collated; and it was there declared that "the writ (certiorari) will not lie when there is an appeal from the action complained of," and "the writ is not given in lieu of an appeal, but only to review errors in excess of jurisdiction *for which an appeal does not lie.*" (See cases cited in opinion of Searls, C., also, *In re McConnell,* 74 Cal. 217, 219; Hayne on New Trial and Appeal, sec. 307.) We have been referred to no case in which it has been held that, under our code, a writ of certiorari will lie to reverse an appealable order. That the appeal does not

afford a plain, speedy, and adequate remedy makes no difference; the provision of the statute governs.

The demurrer to the petition is sustained and the proceedings dismissed.

TEMPLE, J., HENSHAW, J., VAN FLEET, J., GAROUTTE, J., and HARRISON, J., concurred.