[Civ. No. 534.   Third Appellate District.—March 1, 1909.]

## JAMES MAGEE, JR., Petitioner, v. SUPERIOR COURT OF SOLANO COUNTY, Respondent.

CERTIORARI—EXCESS OF JURISDICTION—EXECUTION SALE OF MONEY IN HANDS OF TREASURER—RETURN OF SATISFACTION—ORDER TO PAY PURCHASER UNAUTHORIZED.—When money ordered to be delivered to the owners of property sold at partition sale was delivered to the clerk for them and by him turned over to the treasurer, and upon execution sale of the money of one of the owners, it was sold while in the custody of the treasurer, without being delivered, and upon payment of the amount of the money by the purchaser, the execution was returned satisfied, the court had no jurisdiction after such satisfaction, to order the money in the hands of the treasurer to be paid to the purchaser.   [Per Hart, J.]

ID.—DUTY OF SHERIFF AND TREASURER—RIGHTS OF JUDGMENT CREDITOR—SUPPLEMENTARY PROCEEDINGS.—It was the duty of the sheriff when making the levy to have taken actual possession of the money merely deposited with the treasurer for safekeeping, and which was not held by him *in custodia legis,* and it was equally the duty of the treasurer to have turned the money over to the sheriff, when the levy thereon was made.   But when the treasurer refused to deliver the money, it was the duty of the sheriff either to return the execution unsatisfied, or to hold it up without return, until the judgment creditor could institute supplementary proceedings to bring the treasurer before the court to answer concerning the money.   [Per Hart, J.]

ID.—SALE OF MONEY IN OTHER HANDS ANOMALOUS.—The execution sale of money levied upon as the identical money growing out of the sale of the property, under the decree in the partition · suit, which remained in the hands of the treasurer, and which was neither a debt nor a credit within the meaning of subdivision 5 of section 542 of the Code of Civil Procedure, is an anomalous proceeding, without apparent precedent.   [Per Hart, J.]

ID.—FAILURE OF SHERIFF TO DELIVER PROPERTY SOLD.—If the sheriff has failed to deliver to the purchaser the property sold, the purchaser must look to the sheriff for the delivery of the same to him.   [Per Hart, J.]

ID.—DUTY OF SHERIFF NOT LITIGABLE IN ACTION AFTER RETURN OF EXECUTION.—The duty of the sheriff to deliver the property sold to the purchaser, after he had fully executed his duty under the writ, and has returned the same, cannot be litigated in the action in which the judgment was obtained, which does not in any con-

ceivable way concern his duty to deliver the property sold under the execution. [Per Hart, J.]

ID.—CERTIORARI NOT PERMISSIBLE TO ANNUL APPEALABLE ORDERS.—The order of the court made after judgment in the action in which the execution sale of the money was made, directing the payment of the money to the purchaser, even if in excess of jurisdiction, is appealable, and the writ of *certiorari* cannot be allowed to annul the same.

PETITION for writ of review to annul an order of the Superior Court of Solano County. L. G. Harrier, Judge.

The facts are stated in the opinion of the court.

Theo. A. Bell, for Petitioner.

T. T. C. Gregory, for Respondent.

HART, J.—This is a petition for a writ of review, the object of which is to annul and vacate a certain order made by the respondent, the claim being and the petition declaring that the respondent acted in excess of its jurisdiction in making said order; that there is no appeal therefrom, and that there is no other plain, speedy and adequate remedy.

The facts alleged in the petition are as follows: On the twenty-seventh day of April, 1908, Ellen Magee, Catherine Magee and James Magee, Sr., as plaintiffs, in an action for a partnership accounting, obtained a judgment against James Magee, Jr., as defendant therein, for the sum of $4,877.82, together with costs amounting to $12.15. On the eleventh day of May, 1908, and before notice of said judgment had been served upon or given the defendant, James Magee, Jr., the latter served and filed in said action "a notice of motion for a new trial, and, at the same time, served upon plaintiffs a proposed statement on said motion, and said motion and said statement are now pending in said court." On the nineteenth day of September, 1908, "the defendant served upon the plaintiffs in said action a notice of appeal from said judgment and the whole thereof," and on the twenty-first day of September, 1908, filed with the clerk of said court said notice of appeal. On the nineteenth day of September, 1908, after the service of the notice of appeal, the defendant filed an undertaking on appeal in the sum of $300 and

a further undertaking in the sum of $10,000 to stay all proceedings in said action.

The petition proceeds to state that on August 5, 1908, in an action for the partition and sale of certain real property, situated in the city of Vallejo, and in which the parties thereto had common interests, said action having been instituted by Catherine Magee and Ellen Magee Murphy (*nee* Ellen Magee) against James Magee, Jr., "a final judgment was duly made and entered therein approving the proceedings of the referees theretofore appointed in said action and confirming the sale of the real property involved therein, and directing said referees, after the payment of the costs, expenses, commissions and attorneys' fees incurred and disbursed in said action, to divide the balance of the proceeds then remaining in their hands amounting to $9,750.00, and forthwith deliver the same to the respective parties entitled thereto, in the following proportions: to Catherine Magee, one-fourth thereof, or $2,437.50; to Ellen Magee Murphy, one-fourth thereof, or $2,437.50, and to James Magee, Jr., one-half thereof, or $4,875.00."

It further appears from the petition that the referees, after the notice of the entry of said judgment and the directions therein contained as to the disposition of the moneys in their hands, and "without any further order or direction of court or any authority so to do, delivered said sum of $9,750.00 to G. G. Halliday, clerk of the superior court of Solano county, and, without any order or direction of the court, the said G. G. Halliday delivered said moneys to George Weniger, county treasurer of Solano county, and said Weniger continued to retain said sum in his possession until the order of the court herein complained of."

On the twenty-eighth day of August, 1908, one T. T. C. Gregory filed a verified petition in the superior court, asking that "this court make its order and decree directing said treasurer (Weniger) to pay to petitioner said amount of $4,875.00," etc. This petition, after reciting the history of the action as already herein given, proceeds: "That thereafter and upon the 18th day of August, 1908, an execution in the above-entitled action was duly issued out of the superior court above named, and was thereafter duly levied upon all of the right, title and interest of said defendant in

and to the moneys so deposited in the hands of said treasurer; that thereafter and upon the 26th day of August, 1908, after due proceedings had, the interest of said defendant in and to said moneys and credits was sold to petitioner for the sum of $4,875.00, he being the highest and best bidder therefor, and the sheriff of Solano county thereafter executed and delivered to petitioner a certificate of such sale; that a copy of such certificate has been duly served upon said treasurer and demand made for the delivery to petitioner of the amount of said credit.'' It is further shown by said petition ''that said treasurer has refused and still continues to refuse to deliver to petitioner said moneys without an order of court first had and obtained directing him thereto''; that, on the twenty-eighth day of August, 1908, the sheriff ''duly filed his return upon said execution and sale.''

The respondent, upon said petition, made an order directing said treasurer to appear before it on the thirty-first day of August, 1908, at 10 o'clock A. M., to show cause, ''if any he has, why such order should not be made as prayed for in said petition.''

The matter of the petition of said Gregory, having been continued for hearing to the twenty-first day of September, 1908, the respondent, on that day, finding the facts as stated in the petition to be true, made and caused to be entered an order directing said treasurer to pay to the petitioner, said T. T. C. Gregory, out of the moneys so deposited with said treasurer and arising out of the sale of the real property involved in said action for partition, the sum of $4,875. It is alleged in the petition here for the issuance of a writ of review that said order directing the treasurer of Solano county to pay said sum of $4,875 to said T. T. C. Gregory was made without notice to the petitioner here (James Magee, Jr., defendant in said partition suit) ''and neither he nor his attorney was present at the time said order was made and entered.''

It is the claim of petitioner, as must be apparent from the nature of this proceeding, that the order made by the respondent directing the county treasurer to pay to said Gregory the sum of $4,875 out of the moneys deposited with that official by the county clerk was in excess of the jurisdiction of the court.

I think the contention of the petitioner here is sound and must be sustained. I do not base my conclusion upon the fact, alleged in the petition, that an appeal was taken from the judgment in the action for an accounting, for it further appears from the petition that said appeal was not taken nor the stay bond filed until after the levy upon the money under the writ of execution. But I found my conclusion upon the ground that I know of no authority of law for such a proceeding as the one leading to the making of the order to which objection is here made.

It is claimed by the respondent that the proceeding was one supplementary to execution. I have examined all the provisions of the Code of Civil Procedure relating to and authorizing proceedings supplementary to the execution (section 714 to section 721, inclusive) and I have been unable to find a single line or sentence therein either expressly authorizing any such proceeding as the one complained of, or which, by any sort of reasonable analogy, could be construed as authorizing any such proceeding.

There can be no doubt that it was the duty of the sheriff, upon making the levy, to have taken actual possession of the money, it being the identical money deposited with the treasurer for safekeeping and not delivered to him in his official capacity, and the same not being *in custodia legis.* It was, of course, equally the duty of the treasurer to have turned the money over to the sheriff upon the levy thereupon being made. But the treasurer having refused to deliver the money to the sheriff, it was the duty of the latter to return the execution unsatisfied or to have held it up without making return thereon until the judgment creditor could have taken such steps, in the nature of supplementary proceedings, as might be necessary to bring the treasurer before the court and answer concerning such money or other property as he might have in his possession belonging to the judgment debtor. (Code Civ. Proc., sec. 717.) But the sheriff, in the place of taking either of the courses suggested, proceeded upon the theory that the money in the custody of the treasurer was to be treated as any other kind of personal property capable of manual delivery, gave notice of the sale of the same under the execution, and on the day fixed for the sale sold it to Gregory, to whom he issued a certificate of sale. The sum

for which the money was sold equaled in amount the money so sold, and the sheriff, having been paid the full amount by the purchaser, returned the execution as satisfied. I am of the opinion that when the execution was returned satisfied the court lost further jurisdiction of and over the action, and that, therefore, any order it might have made to protect the purchaser or to secure to him the possession of the money was *coram non judice*. If this proposition be unsound, then it may pertinently be inquired, When does a court's jurisdiction of an action cease to exist? May it continue indefinitely or be revived after the judgment, the object of the action, has been satisfied, upon the motion of some third party who, perchance, has not been given possession by the sheriff of property sold to satisfy the judgment, and thus open up the litigation therein of questions which in no manner or degree can affect the judgment?

The sale of money is an anomalous proceeding, and I confess that I have never before heard of such a proposition. But such was undoubtedly the proceeding here, for, as seen, the money levied upon was the identical money growing out of the sale of the property under the decree in the partition suit. It was neither a debt nor a credit within the meaning of section 542, subdivision 5 of the Code of Civil Procedure. If, therefore, the sheriff has failed to deliver to the purchaser the property sold, then, it seems to me, the purchaser must look to the sheriff for the delivery to him of such property. There appears to me to be no distinction between the proposition here, and where the property sold is in the form of the ordinary personal property capable of manual delivery. If, for illustration, the sheriff had sold to Gregory under the writ livestock or wheat or barley or goods of any description, could the contention be sustained that the failure of the sheriff to deliver the property to the purchaser after the receipt of the money therefor and the return of the writ satisfied would amount to a sufficient reason upon which the court in the action out of which the writ issued could open up an inquiry of why the sheriff had not performed a duty incumbent upon him under the law? Could it be said that the duty of the sheriff to deliver the property to the purchaser could be litigated in an action which could not in any conceivable way concern the duty of that officer after he had fully executed his duty under the writ? I think the reply is obvious.

The authorities cited by the respondent do not sustain its contention. In fact, I do not consider them in point.

As I have said, there is no warrant in any statutory rules to which my attention has been directed for the proceeding resulting in the making of the order which this proceeding is instituted to annul. Nor do I find anything in the textbooks authorizing such a proceeding. The proceeding is a nondescript, having authority neither in express terms nor by analogy to any other authorized proceeding of which I have any knowledge for its institution and prosecution, and could only be sustained upon "general principles," having, indeed, in such case, a remote application.

But I think the order complained of is appealable as a "special order made after final judgment" (Code Civ. Proc., sec. 939, subd. 3), and for this reason the writ prayed for must be denied.

Section 1068 of the Code of Civil Procedure provides: "A writ of review may be granted by any court, except a police or justice's court, when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy."

"From this provision it is made manifest that three concurring requisites are essential to the issuance of the writ of review, viz.: 1. An excess of jurisdiction by the inferior tribunal, etc., exercising judicial functions; 2. That there is no appeal; 3. That there is no other plain, speedy and adequate remedy." (*Noble* v. *Superior Court,* 109 Cal. 526, [42 Pac. 155].)

But it is argued by the petitioner that the execution under which the sale of the money involved here was had was issued upon the judgment in the partition suit, between which and the action for an accounting, in which the judgment was rendered and entered against the defendant for the amount found to be due the plaintiffs, there is absolutely no relation; that, in other words, the partition suit is wholly unconnected with the suit for an accounting, and that the party in whose favor the order complained of was made and the treasurer to whom it was addressed are third parties not connected with or interested in either action, and, therefore, the order was

one altogether *dehors* the suit in which judgment was rendered and entered against the defendant. Hence, it is insisted, said order is not appealable as "a special order made after final judgment" in *said action.* The position, as thus stated, is not, in my opinion, tenable.

It seems to be now the settled rule in this state that any special order made after final judgment affecting such judgment, although not dependent upon it, is an appealable order. (*Calderwood* v. *Peyser,* 42 Cal. 111.) In the case just cited, in overruling the prior adjudications of the court upon the question under review—notably the doctrine as laid down in *Quivey* v. *Gambert,* 32 Cal. 304, in which it was held that an order striking a statement on motion for a new trial from the files was not appealable—the supreme court says: "Upon considering the case of *Quivey* v. *Gambert,* this Court arrived at the conclusion that the Court below had erred in striking the statement from the files; but, on the authority of *Leffingwell* v. *Griffin,* 29 Cal. 192, *Ketchum* v. *Crippen, etc.,* 31 Cal. 365, and because the erroneous order striking out the statement was not entered in the ordinary line of proceedings had on motion for a new trial, it held that it had *no jurisdiction* to correct this demonstrated error, because it could not entertain an appeal for that purpose. This Court, however, in dismissing the appeal for the supposed want of jurisdiction, *advised* the Court below to set aside its order striking out the statement, and to allow the motion for a new trial to proceed. This advice the Court below was, of course, at entire liberty to disregard—and, if it had chosen to do so, the consequence would have been that Gambert would, as the result of an erroneous order entered in the Court below, have been deprived of the benefit of his motion for a new trial, and placed beyond the power of this Court to relieve him from the consequences of that error."

Whether the execution should have been issued on the judgment in the action for an accounting or upon that in the suit for partition is immaterial. Nor does it affect the proposition under discussion that Gregory and Weniger were strangers to both actions, or that the proceedings culminating in the order complained of did not depend upon or follow the judgment in the same line of proceeding. The im-

portant fact remains that the order to which objection is
here made *concerned* and *affected* the judgment against the
defendant.  If such an order is not one made after final judg-
ment from which an appeal will lie, then it is not difficult
to conceive how a trial court could, in cases of which this
court has appellate jurisdiction, make many different kinds
of erroneous orders of the most oppressive and ruinous char-
acter from which the law would afford absolutely no relief.

The demurrer to the petition is sustained, and the order to
show cause discharged.

CHIPMAN, P. J., and BURNETT, J., Concurring.—We
concur on the ground that the order discussed in the opinion
is appealable.