[S. F. No. 7744. In Bank.—July 20, 1916.]

ERNEST H. HILDEBRAND et al., Petitioners, v. SUPERIOR COURT IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, and EDWARD P. SHORTALL, Judge Thereof, Respondents.

QUIETING TITLE — ORDER DIRECTING ASSIGNMENT OF NOTE AND MORTGAGE — FINAL JUDGMENT.—In an action to quiet title, an order directing a bank holding a first mortgage on the property to execute to plaintiff, on payment of principal and interest due, notary's fees, and attorneys' fees, an assignment of the note and mortgage, and subrogating plaintiff to the rights of the mortgagee, the amount due the bank having been adjudicated, is in legal effect a final judgment, and therefore appealable.

ID.—RIGHT OF APPEAL—CERTIORARI.—It has been uniformly held, in accord with the provisions of section 1068 of the Code of Civil Procedure, that if a party has the right of appeal from an order in excess of jurisdiction, he cannot have such order reviewed in *certiorari* proceedings.

ID.—RIGHT TO MAINTAIN CERTIORARI PROCEEDINGS—PARTIES MUST BE BENEFICIALLY INTERESTED.—Only one "beneficially interested" may maintain *certiorari* proceedings; and in such action to quiet title parties other than the bank who make adverse claims to ownership of the property are not so interested as to entitle them to maintain *certiorari* proceedings to annul the order for assignment of the note and mortgage and subrogation to the rights of the mortgagee.

APPLICATION originally made to the Supreme Court for a Writ of Review to annul an order of the Superior Court

of the City and County of San Francisco for the assignment of a note and mortgage and subrogation to the rights of the mortgagee.

The facts are stated in the opinion of the court.

Paul A. McCarthy, R. H. Gillogley, and Alexander D. Keyes, for Petitioners.

John H. Crabbe, for Respondents.

ANGELLOTTI, C. J.—This is a proceeding to annul for want of jurisdiction an order made by the superior court in the action of *Martin* v. *Chiossi et al.,* an action to quiet title, directing the defendant Humboldt Savings Bank to execute to the plaintiff therein, on payment of principal and interest due, notary fee, and attorney fee, an assignment of a note and mortgage constituting a first lien on the real property involved in the action, and subrogating plaintiff to the rights of said mortgagee.

The petitioners for the writ are Hildebrand, Lettich, and Mr. and Mrs. George H. Chiossi, who were originally the defendants in said action, and Humboldt Savings Bank, which was sued as John Doe, and answered.

The action is one instituted December 15, 1915, plaintiff Martin alleging that ever since December 24, 1914, he has been the owner of the property by virtue of a deed executed to him on that day by George H. Chiossi, who it is alleged was then the sole owner of the property.

On January 28, 1916, defendants Lettich and Hildebrand demurred to the complaint, and on February 1, 1916, Mr. and Mrs. Chiossi demurred to the complaint. These demurrers apparently have not been disposed of.

The bank answered denying the allegations of the complaint, and alleging that on December 26, 1912, the defendants Hildebrand and Lettich were the owners of the property, borrowed three thousand dollars on it, and gave a note payable December 26, 1914, and a mortgage on such land to secure payment thereof, and that no payment was ever made thereon.

On January 31, 1916, plaintiff Martin asked the superior court for an order requiring the bank to show cause why it

should not accept from plaintiff the amount due on its note and mortgage, and assign same to plaintiff, and why an order should not be made subrogating plaintiff to all of its rights.

An affidavit filed by said plaintiff Martin stated substantially that on January 15, 1914, George Chiossi was the sole owner in fee of said property, and gave a note and a mortgage on the property to Hildebrand and Lettich for three thousand five hundred dollars (the second mortgage on the property), that they obtained a decree of foreclosure and that a sale was had thereunder July 14, 1915, Hildebrand and Lettich becoming purchasers for two thousand dollars. Allegations were made therein that Martin made a good offer of redemption, which was refused, and that after this Hildebrand and Lettich gave Chiossi a certificate of redemption, and Chiossi gave Hildebrand and Lettich a deed of trust as security for three thousand five hundred dollars.

On January 31, 1916, an order to show cause was made as asked, and on February 4, 1916, the motion of plaintiff was granted, the order purporting to subrogate the plaintiff Martin to the rights of the bank.

Apparently this order was made without any notice of application whatever to anybody except the bank.

On February 5, 1916, a motion to set aside this order was made by Hildebrand and Lettich and Mr. and Mrs. Chiossi. On February 9, 1916, this matter was argued and submitted.

The affidavit of George Chiossi filed on this motion stated substantially that ever since January 15, 1914, he was the sole owner of this property, and that on said day he mortgaged it to Hildebrand and Lettich for three thousand five hundred dollars. That thereafter he executed the so-called deed to plaintiff, but that the same was intended as and was only a mortgage to secure notes given to Martin, that his wife did not sign this instrument to Martin, that on March 23, 1915, he filed a declaration of homestead covering the property. That thereafter, on June 3, 1915, plaintiff recorded his so-called deed; that Hildebrand and Lettich, subsequently foreclosed their mortgage and the property was sold to them; that he, Chiossi, redeemed from said foreclosure and was given a certificate of redemption; and that he objected to the assignment of the mortgage of the bank to plaintiff.

The affidavit of Hildebrand stated that because the wife of Chiossi did not sign the mortgage to plaintiff Martin, and

because the homestead was selected prior to such mortgage being placed of record, plaintiff had not thenceforth even a lien. He also stated that plaintiff seeks the assignment for the purpose of harassing affiant and Lettich, and the Chiossis, by enforcing the mortgage.

On February 15, 1916, all objections were overruled, and on the same day the formal order was made directing the assignment by the bank to plaintiff Martin of its debt and mortgage, and subrogating said plaintiff to all its rights thereunder. This is the order sought to be annulled.

It seems apparent that in so far as the petitioner bank is concerned, the order complained of must be regarded as, in legal effect, a final judgment, and, therefore, appealable. It completely disposed of the case in so far as the bank was concerned by requiring it, upon payment of the amount alleged by it to be due on its note and mortgage, to assign such note and mortgage to the plaintiff, and subrogating said plaintiff to all its rights thereunder. So far as the bank is concerned, the amount due it on the debt on account of which it asserts a lien on the property is adjudicated, and it is ordered, upon payment of such amount, to assign its debt and mortgage to another, with the result that it can have no further interest in the property involved, and is entirely removed from the cause. Such an order must be held, in view of our decisions, to be substantially a final judgment as to the bank for the purposes of an appeal. This subject was exhaustively discussed in *Title Ins. & Trust Co.* v. *California etc. Co.*, 159 Cal. 489–491, [114 Pac. 838], where all the authorities are cited. (See, also, *Anglo-California Bank* v. *Superior Court*, 153 Cal. 755, [96 Pac. 803].) It has uniformly been held by this court, in accord with the provisions of section 1068 of the Code of Civil Procedure, that if a party has the right of appeal from an order in excess of jurisdiction, he cannot have such order reviewed in *certiorari* proceedings. This necessarily disposes of this proceeding in so far as the petitioner bank is concerned.

As to the other petitioners: Only one "beneficially interested" may maintain *certiorari* proceedings. (Code Civ. Proc., sec. 1069.) Consideration of the question has satisfied us that the facts show no such interest in any other petitioner than the bank as would warrant the maintenance of such a proceeding by him. This question was practically decided

in *Swain* v. *Stockton Sav. etc. Soc.*, 78 Cal. 600, [12 Am. St. Rep. 118, 21 Pac. 365], an action by a plaintiff seeking to be subrogated to all the benefits of a defendant, the beneficiary under a deed of trust given to secure the payment of a debt, and to obtain delivery of the deed and all evidence of indebtedness secured thereby. The action was against the beneficiary (the real creditor), alone. It was claimed that the debtor, the so-called "mortgagors" giving the trust deed, were necessary parties to the action. This court held against such claim, saying: "What the plaintiff sought in this action was that he might be placed in the same situation as the defendant in relation to the trustees under the trust deed, and to the judgment debtors who were the mortgagors in that instrument. This could only affect the defendant. It did not in any way impinge upon the rights of the trustees or the mortgagors. . . . So far as the mortgagors are concerned, it could not fix the amount of their indebtedness; they could have been heard to resist the payment of a greater sum than they owed, under the trust deed, when an attempt should be made to execute the trust. . . . In so far as the subrogation prayed for was concerned if granted, it could not alter the relation of the parties any more than if the plaintiff had by agreement purchased the debt of the defendant, and had it and the lien securing it transferred to himself." All the petitioners here, other than the bank, are in the position of the "mortgagors" in the case cited. We cannot see that any legal right possessed by any of them can be affected in the slightest degree by the enforcement of the order complained of, and if this be the situation, it is impossible to understand how any of them is "beneficially interested" in the matter within the meaning of our statute.

Regardless of other questions presented, it follows from what has been said that this proceeding must be dismissed.

The proceeding is dismissed.

Sloss, J., Shaw, J., Lorigan, J., Henshaw, J., and Lawlor, J., concurred.