[L. A. No. 13074.  In Bank.—March 24, 1932.]

JOSEPH L. LEWITH, Appellant, v. MAE REHMKE, Respondent.

C. C. Pease for Appellant.

Gray, Cary, Ames & Driscoll, Burton D. Wood and E. A. Walters for Respondent.

THE COURT.—Motion to dismiss appeals now pending in this court in the above-entitled action.  The motion is made upon the ground and for the reason that the said appeals are taken from orders which are not appealable; and upon the further ground that the appeal from the order refusing to vacate the judgment in said cause and to reopen the same for the taking of additional evidence, was not perfected within the time allowed therefor by law.

The action is one to cancel a deed to certain real property and to quiet title thereto.  After trial of the issues, judgment went in favor of defendant, which judgment was

entered on December 22, 1930, and notice of such entry was served on December 27th following. Plaintiff, on the third day of January, 1931, served and filed a notice of intention to move for a new trial. Among the grounds therein set forth was newly discovered evidence which plaintiff alleged he could not reasonably have discovered or produced at the trial. Subsequently, on February 20, 1931, plaintiff served and filed a notice of motion to vacate and set aside the judgment and to reopen the case for further evidence. This evidence, as appears from the affidavit in support of the motion, consisted of two letters written by defendant to her daughter shortly before the deed in question was obtained by defendant. The letters in substance stated that defendant was relying upon certain named threats to procure the deed. Discovery of the letters was made by plaintiff subsequent to the trial. This last-named motion was noticed for the twenty-fifth day of February, 1931. The motion was denied. It is from the order refusing to vacate and set aside the judgment and to reopen the case for additional testimony that one of the appeals here involved is taken. Thereafter, and on the twenty-fifth day of March, 1931, plaintiff filed a notice of appeal from the judgment and from the order denying the motion to vacate, but did not serve his proposed bill of exceptions until the twenty-fifth day of April, being some fifty-nine days after service upon him of the notice of entry of order denying the motion for a new trial. The proposed bill was served and filed within a period of time fixed by the court, which time it is claimed was beyond the statutory limit allowed by statute. Defendant on the thirtieth day of April, 1931, served and filed her objection to further proceedings for the settlement of the bill of exceptions, for the reason and upon the ground that the proposed bill was served after the time allowed therefor by section 650 of the Code of Civil Procedure, and an order was made setting a time for hearing upon this objection. Thereupon plaintiff noticed for the same day a motion that he be relieved from his default in failing to serve his proposed bill within the time limit. On the day set for the hearings the court refused to relieve plaintiff from his default. It is from this order that the other appeal here involved has been taken.

The clerk's transcript contains two notices of appeal. The first of these notices states an appeal from the judgment, from the order denying the motion for a new trial and from an order denying plaintiff's motion to vacate the judgment and reopen the case for further evidence "for the purpose of having reviewed all matters and orders reviewable on appeal from the judgment in the above entitled action and from the whole and all thereof". The second notice states an appeal from an order of the trial court denying relief to plaintiff from default relating to the time of serving and presenting a bill of exceptions, and from the further order of the trial court ordering and sustaining the objection by defendant to the settling of the proposed bill of exceptions.

The transcript filed herein consists of the clerk's transcript on the main appeal and a reporter's transcript on the appeal from the order denying relief from default. The reporter's transcript was settled, signed and filed by the trial court.

It is respondent's main contention, in moving to dismiss the appeals, that they constitute a mere attempt to appeal from an order denying a motion for a new trial, a nonappealable order. There is no merit in this claim. The manifest purpose of appellant is to procure a record to support his appeal from the judgment, and without which his appeal would avail him nothing. Proceedings on motion for a new trial may be reviewed on the appeal from the judgment. The effect of the two orders appealed from precludes the preparation of a record which may avail plaintiff on his appeal from the judgment. They are appealable as special orders made after final judgment and an appeal therefore lies from them. (*California Delta Farms, Inc., v. Chinese American Farms, Inc.*, 201 Cal. 201 [255 Pac. 1097].) Whether or not the court committed error in refusing relief to appellant from his default is a matter to be considered on the hearing of the appeal. The motion to dismiss is denied as to both appeals.