[S. F. No. 16550. In Bank.—June 18, 1941.]

MARIE SOPHIE HOWALDT et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

I. F. Chapman and Tom F. Chapman for Petitioners.

Henry F. Boyen and Frank J. Fontes for Respondent.

SHENK, J.—This is a proceeding to review an order of the respondent Superior Court in the matter of the Estate of Fritz Benthien, deceased.

Through the office of the Public Administrator of the City and County of San Francisco, the matter of the administration of the estate of the decedent proceeded to distribution whereby, by decree of date January 21, 1941, the estate of $7,233.58 in cash was ordered distributed one-sixth to Anna Wiese Struck, one-sixth to Minna Wiese, one-third to Marie Sophie Howaldt, one-ninth to Wilhelmina Reszel, one-ninth to Wilhelm Benthien, and one-ninth to Dorthea Guern.

On the following day, January 22, 1941, the respondent court made an "Order directing administrator to withhold distributive shares of non-resident heirs." The order recited that the distributees, Marie Sophie Howaldt, Wilhelmina Reszel, Wilhelm Benthien and Dorthea Guern, "are all residents of the German Reich, and that at the present time said German Reich is in a state of war", and "that by reason of said war condition prevailing in said German Reich, wherein said heirs reside, distribution of their shares in said estate be made subject to the express condition that said administrator shall not pay or transfer any part of said distributive shares to said heirs residing in said German Reich until the further order of this court."

On January 24, 1941, this application for the writ of review was filed. The petitioners, who are the heirs residing in the German Reich, contend that the direction to the administrator to withhold payment or transfer of any part of their distributive shares until the further order of the court was contrary to the provisions of the Treaty between the United States and Germany, signed December 8, 1923, and proclaimed October 14, 1925. Articles IV and XXIV of said Treaty, volume 44, Statutes at Large, part 3, recognize the property rights of nationals of the high contracting parties, the right of nationals of one high contracting party residing in the other to dispose of property, and provide for the transfer of property to nationals of one high contracting party who are heirs, devisees or legatees of 'a deceased resident of the other. Attention is also directed to article VI of the Constitution of the United States providing that the "Constitution, and the laws of the United States which shall be made in pursuance thereof, and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land, and the judges in every state shall be bound thereby. . . . "

The record does not indicate whether the decedent, Fritz Benthien, or his heirs residing in the German Reich, were or are German "nationals" within the meaning of the treaty provisions. The respondents cite decisions (see *In re Muckl's Estate,* 174 Misc. 35 [19 N. Y. Supp. (2d) 1009] ; *In re Ramberg's Estate,* 174 Misc. 306 [20 N. Y. Supp. (2d) 619]; *In re Weidberg's Estate,* 172 Misc. 524 [15 N. Y. Supp. (2d) 252]), to the effect that the function of the court sitting in probate is to see that the decedent's property is distributed in accordance with the intent expressed in the will, or in accordance with the laws of succession, and to make appropriate regulations to that end if necessary (see, also, Prob. Code, sec. 530), even to the extent of directing that property be withheld for the time being if existing conditions so require.

■ However, the appealability of the order sought to be annulled disposes of the present proceeding. Before 1935 it was recognized that an order instructing or directing an executor or administrator was not an appealable order because such an order was not specified in section 1240 of the Probate Code. (*In re Emerson's Estate,* 139 Cal. App. 571 [34 Pac. (2d) 800].) In 1935 (Stats. 1935, p. 1972), the legislature amended that section by including therein as an appealable order an order "instructing or directing an executor or administrator." With the exception that an appeal will lie from an order granting or denying a motion for a new trial in those proceedings in probate in which the motion is proper, the rule is that an appeal does not lie from an order made after final judgment in probate proceedings. (*Estate of O'Dea,* 15 Cal. (2d) 637 [104 Pac. (2d) 368]; *Lilienkamp* v. *Superior Court,* 14 Cal. (2d) 293 [93 Pac. (2d) 1008]; *Estate of Grussing,* 15 Cal. App. (2d) 11 [59 Pac. (2d) 152].) The reason for the rule was stated to be that such an order was not made expressly appealable by section 1240 of the Probate Code. Adherence to the rule is dependent upon whether the order is one not included in section 1240 as an appealable order. Since the order in question is one directing the administrator, it is an order specified in said section as an appealable order and must be so considered for the purpose of the present matter. ■ A proceeding in review in this state will not lie if the order sought to be reviewed is an appealable order. (Code Civ. Proc., sec.

1068.) "*Certiorari* cannot be made a substitute for an appeal." (*Erickson* v. *Municipal Court,* 219 Cal. 737 [29 Pac. (2d) 192]; *Ivory* v. *Superior Court,* 12 Cal. (2d) 455 [85 Pac. (2d) 894], and cases cited.

The proceeding is dismissed.

Curtis, J., Traynor, J., Gibson, C. J., Edmonds, J., and Carter, J., concurred.