[L. A. No. 18644. In Bank. July 27, 1943.]

B. F. SHRIMPTON, as a Member of the Regional Planning Commission, etc., et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

J. H. O'Connor, County Counsel, and Edward A. Gaylord and Beach Vasey, Deputy County Counsel, for Petitioners.

Courtney A. Teel for Respondent.

CURTIS, J.—In an action entitled *Acker* v. *Baldwin*, 18 Cal.2d 341 [115 P.2d 455], pending in the Superior Court of the County of Los Angeles, plaintiff on April 17, 1942, recovered judgment against the defendants. Petitioner was one of the defendants in said action. Defendants, within the permissible time, served a notice of intention to move for a new trial. Subsequently said motion was made and the trial court at the hearing thereof on June 22, 1942, made an order vacating the findings and judgment and dismissed the action on the ground that it had no jurisdiction of the action. On July 7, 1942, there was entered a formal judgment of dismissal. Thereafter and on August 12, 1942, and after notice to defendants, plaintiff moved the court to set aside said order and judgment of dismissal on the ground that said order was void and in excess of the jurisdiction of said court. This

motion was made under section 473 of the Code of Civil Procedure authorizing the court, on motion after notice to the other party to set aside any void judgment or order. On August 19, 1942, the trial court granted said motion and set aside and vacated both the order vacating the findings and judgment and the formal judgment of July 7, 1942, based upon said order. The effect of this order of August 19, 1942, if valid, would be to restore the original judgment rendered in that action in favor of the plaintiffs.

Thereupon the petitioner, as one of the defendants in said action, instituted this proceeding in certiorari to review the last mentioned order of the trial court of date, August 19, 1942. It is the contention of petitioner that the judgment of date, July 7, 1942, dismissing said action, was a valid and final judgment and that the trial court was without jurisdiction to vacate the final judgment.

Preliminary to the discussion of the merits of this controversy, it is necessary to consider and pass upon the point raised by respondents, that certiorari will not lie to review the order of August 19, 1942, for the reason that it is an order made after final judgment and therefore is appealable.

Section 1068, Code of Civil Procedure, provides that "A writ of review may be granted by any court, except a municipal, police or justice's court, when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy."

We deem it unnecessary to do any more than cite a few of the decisions of this court holding "certiorari will not lie to review an appealable order or judgment either before or after the expiration of the time limited by law for appeal therefrom." (*Ivory* v. *Superior Court,* 12 Cal.2d 455, 459 [85 P.2d 894]; *Harth* v. *Ten Eyck,* 12 Cal.2d 709 [87 P.2d 693], 16 Cal.2d 829 [108 P.2d 675]; *Coan* v. *Superior Court,* 14 Cal.2d 591 [95 P.2d 931]; *Howaldt* v. *Superior Court,* 18 Cal.2d 114 [114 P.2d 333]; *Bank of America* v. *Superior Court,* 20 Cal.2d 697, 703 [128 P.2d 357]; *Lewith* v. *Rehmke,* 215 Cal. 241 [9 P.2d 297]; *Casner* v. *Superior Court,* 23 Cal.App.2d 730 [74 P.2d 298].) In the last named case at page 732, we

find the following statement of the law: "The order of the court vacating the judgment of dismissal was a special order made after final judgment, as were also the respective orders for judgment in defendants' favor, and, as such, were appealable under the provisions of section 963 of the Code of Civil Procedure. [citing authorities] . . . Where the law allows an appeal from an order or judgment, even when the tribunal making such order or rendering such judgment exceeds its. authority in so doing, a writ of review may not be granted. [citing authorities.]"

As against these decisions, we are cited to the following cases decided by this court, which, it is claimed, support a contrary rule: *Stanton* v. *Superior Court,* 202 Cal. 478, 488 [261 P. 1001]; *Lankton* v. *Superior Court,* 5 Cal.2d 694, 696 [55 P.2d 1170]; *Treat* v. *Superior Court,* 7 Cal.2d 636, 638 [62 P.2d 147]; *Whitley* v. *Superior Court,* 18 Cal.2d 75 [113 P.2d 449]. In our opinion these cases can all be distinguished from the decisions holding that certiorari will not lie to review an appealable order.

In *Stanton* v. *Superior Court, supra,* the trial court in two actions pending before it made an order in each case purporting to vacate the judgment previously entered therein, and directed a different judgment, and signed and entered the same in lieu of the former judgment. On appeal the court recited the steps taken in the two actions before the trial court resulting in the orders vacating the original judgments and the entry of the different judgments in the place of the former judgments. The court also discussed the power of the trial court, and the procedure to be followed under sections 473, 663, and 663a of the Code of Civil Procedure, governing the vacation of judgments and the entry of different judgments in the same actions, and concluded as follows: (page 489) "We are, therefore, satisfied that said sections of the code were never intended to apply to orders or judgments attempted after the fashion herein disclosed. We are also satisfied that neither of these orders or subsequent judgments can be said to be special orders made after final judgment within the meaning of section 963 of the Code of Civil Procedure, because such section contemplates orders given by a court having jurisdiction to act." The court, therefore, in the Stanton case held that as the orders in question were not special orders made after final judgment, they were not ap-

pealable and were therefore subject to review under proceedings in certiorari. Reference to this case may be found in *Ivory* v. *Superior Court, supra,* and *Bank of America* v. *Superior Court, supra.*

In *Lankton* v. *Superior Court, supra,* after the judgment in favor of the plaintiff had become final and the time for appeal and motion for new trial had elapsed, the trial court in a memorandum opinion indicated its purpose to reduce the amount of the judgment in favor of plaintiff in a material amount. Plaintiff applied either for a writ of prohibition or a writ of review. It was held that he was entitled to a writ of prohibition but not a writ of review, as no order modifying the judgment had been actually made by the trial court.

In *Treat* v. *Superior Court, supra,* the trial court set aside its findings and judgment in favor of plaintiff. It was held that the court was authorized to make such an order either under the provisions of section 662 of the Code of Civil Procedure, that is, upon a motion for a new trial, or by reason of its inherent power to correct mistakes in its proceedings, and to annul within a reasonable time orders and judgments prematurely, inadvertently, or improvidently made. However, it appeared from the record of the proceeding before the court, that the order of the trial court under attack was not made under the authority of either of these methods of procedure. While a notice of intention to move for a new trial was filed at the same time as the motion to vacate the findings and judgment, it is stated in the opinion: (page 641) ''There is nothing before us to indicate that any action upon the motion for a new trial was ever taken by the trial court,'' and also (page 640) ''Respondent advances no claim or contention that the original findings and judgment were prematurely or improvidently made.'' The court in that case upon the authority of the Stanton case, held that the order was not one rendered in pursuance of any of the prescribed rules of procedure as defined by the sections of the Code of Civil Procedure and was therefore subject to attack in a proceeding for a writ of review.

In *Whitley* v. *Superior Court, supra,* it was sought to review two *nunc pro tunc* orders of the trial court granting a motion for a new trial. As amended in 1939, section 657 of the Code of Civil Procedure provides that when a new trial is

granted on the ground of the insufficiency of the evidence, the order of the trial court shall so specify in writing and shall be filed with the clerk within ten days after the motion is granted, otherwise on appeal it will be conclusively presumed that the order was not based upon that ground. In the case in which these orders were made, the trial court granted the motion of defendant for a new trial, but failed to file any written order other than a minute order. After the ten day period, the plaintiff appealed. Almost two months later in one instance and almost three months in the other, the trial court apparently being of the opinion that the written minute order was insufficient as entered, signed and filed the two *nunc pro tunc* orders; the first of which stated that the ground upon which the order granting a new trial was made was the insufficiency of the evidence, and in the second of said orders, it was recited that the failure to file the written (signed) formal order within the ten day limit was due to the inadvertence of the court and not of counsel as had been stated in the prior signed order. After holding that the court was without jurisdiction to make either of said orders, and in reply to the contention that certiorari would not lie, the court on page 82 stated: ''Finally, as an objection to a determination of the validity of these *nunc pro tunc* orders, respondent urges the point that a writ of review is not a proper proceeding in this case, as petitioner has her remedy by appeal. Respondent here calls attention to the general rule that *certiorari* may not be used as a substitute for appeal (4 Cal.Jur. 1052). But it is likewise well recognized that an order which is not provided for in our procedure is not an appealable order within the meaning of section 1068, Code of Civil Procedure, and an application for a writ of review is the proper remedy. [citing among others the Stanton and Treat cases.]'' No claim was made in that case that either of the two *nunc pro tunc* orders was made under section 473 of the Code of Civil Procedure, and therefore that point was not passed upon by the court in its decision.

In each of the four cases just discussed, there appeared some special reason why the general rule that certiorari will not lie to review an appealable order was not applicable. These cases can readily be distinguished from the instant proceeding. It will be noted that the underlying principle upon which the Stanton case was decided, and which was followed

generally in the other cases, was that the order of the trial court under attack was not in pursuance of any of the prescribed methods of procedure as defined by the Code of Civil Procedure. As noted herein the order of August 19, 1942, setting aside the order and judgment of dismissal was rendered in pursuance of section 473 of the Code of Civil Procedure. It was, therefore, an order made after judgment and was appealable.

We are therefore of the opinion in view of the overwhelming weight of authority in this state, that the petition herein to review the order of the trial court of date, August 19, 1942, purporting to vacate its order dated July 7, 1942, should be denied. This conclusion renders it unnecessary to enter into any discussion of the question of the validity of said order of August 19, 1942, or of any other question raised by the petition.

The petition is denied for the reason hereinbefore stated.

Shenk, J., Carter, J., and Schauer, J., concurred.

TRAYNOR, J.—I concur in the judgment. It is settled that certiorari does not lie to review an appealable order. (Cal. Code Civ. Proc., sec. 1068; see cases cited in 4 Cal.Jur. 1036 et seq.) Section 963 of the Code of Civil Procedure lists among appealable orders, "any special order made after final judgment." Since the order of August 19, 1942, was a special order made after final judgment it was appealable and certiorari is therefore not available. The majority opinion takes the view, however, that the order in question was appealable not simply because it was a special order after final judgment but also because it was made pursuant to an established method of procedure, in this case, section 473 of the Code of Civil Procedure. It is my opinion that any special order after final judgment that affects the judgment (see 2 Cal.Jur. 153) is appealable whether or not it is made pursuant to a prescribed rule of procedure. The exception of orders that are not authorized by the Code of Civil Procedure was first read into section 963 in 1927 in the case of *Stanton* v. *Superior Court,* 202 Cal. 478 [261 P. 1001], in disregard of numerous cases of long standing. (*Livermore* v. *Campbell,* 52 Cal. 75; *In re Bullock,* 75 Cal. 419 [17 P. 540]; *White* v. *Superior Court,* 110 Cal. 54 [42 P. 471]; *Anglo-California Bank*

v. *Superior Court,* 153 Cal. 753 [96 P. 803]; *Hildebrand* v. *Superior Court,* 173 Cal. 86 [159 P. 147]; *Magee* v. *Superior Court,* 10 Cal.App. 154 [101 P. 532]; for additional cases see 2 Cal.Jur. 184 and 4 Cal.Jur. 1036 et seq.)

The holding in the Stanton case that section 963 "contemplates orders given by a court having jurisdiction to act" (202 Cal. 478, 489) would apply as well to final judgments, for both final judgments and orders after such judgments are made appealable in the same terms. No condition that the court must have jurisdiction to act is set forth with respect to either, and there is no more justification for adding such a condition in the one case than in the other. The Stanton case and those based upon it have departed from established principles without adequate consideration of the authorities. These cases should be overruled and the law restored to its traditional pattern as described in *White* v. *Superior Court,* 110 Cal. 54 [42 P. 471], at 57: "The order in question is a special order, made after final judgment, and, as such, is made the subject of appeal by express terms of the statute (Code Civ. Proc., sec. 939, subd. 3; sec. 963, subd. 2; *Slavonic etc. Assn.* v. *Superior Court,* 65 Cal. 500 [4 P. 500]; *Livermore* v. *Campbell,* 52 Cal. 75; *Calderwood* v. *Peyser,* 42 Cal. 110); and, being so appealable, it cannot be reviewed by certiorari.

"Nor does it make any difference in this respect if the order be, as contended, in excess of the jurisdiction of the court making it, and consequently void. Void judgments and orders are not the less appealable by reason of that fact (*Livermore* v. *Campbell, supra;* and when that remedy is afforded it excludes the right to *certiorari,* notwithstanding the order be void in the extreme sense. *(People* v. *Shepard,* 28 Cal. 115; *Stoddard* v. *Superior Court,* 108 Cal. 303 [41 P. 278].) 'It may be readily admitted,' says Mr. Justice McFarland in delivering the opinion of the court in the case last cited, 'that the court had no jurisdiction to make the order; but, as the order is appealable, *certiorari* will not lie, because it lies only when "there is no appeal." '

"So far, then, as the remedy by *certiorari* is concerned, it would be wholly unprofitable to consider the question as to jurisdiction of the respondent to make the order complained of."

Gibson, C. J., and Edmonds, J., concurred.