HEIRS OF J. B. DRAGONI, Petitioners, *v.* DISTRICT COURT OF PONCE, R. H. TODD JR., JUDGE, Respondent.—MARGARITA DRAGONI PELLICCIA, Plaintiff and Appellee, *v.* MARÍA DRAGONI Y DRAGONI, Defendant and Appellant.

Nos. 636 and 4848. Argued February 4, 1929.—Decided March 5, 1929.

F. *Parra Capó, López de Tord & Zayas Pizarro* and *José A. Poventud* and *Alberto S. Poventud* for the petitioners in certiorari. *Tous Soto & Zapater* for the defendant in the original action. *Tous Soto & Zapater* for the appellant in the second case. *López de Tord & Zayas Pizarro* for the appellee in the same.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On July 26, 1928, Margarita Dragoni Pelliccia, in her own right and in behalf of the heirs of J. B. Dragoni, brought an action in the District Court of Ponce against María Dragoni y Dragoni alleging simulation. The defendant was summoned and after several interlocutory incidents had been disposed of an amended complaint was filed on November 12, 1928. Seven days thereafter motion was made for an order to take the deposition of witness María Dragoni on the ground that the said witness, the defendant in the action, had the intention of leaving Porto Rico. The court sustained the motion and set the 20th of November for taking the deposition.

María Dragoni filed a written objection. The court overruled it, but after stating that there was no reason for shortening the time, in view of the allegation of the defendant in relation to her purpose of remaining in the Island, extended the date of taking the deposition to the 24th of November.

On November 23, 1928, the defendant appealed from the orders of the court of November 19th for taking the deposition on the 20th and of the 20th dismissing the opposition of the defendant and setting the 24th for taking the deposition.

On November 24th, 1928, the following occurred in the court:

"This case having been called for taking the deposition of defendant María Dragoni y Dragoni, the plaintiffs appeared by attorneys Vicente Zayas Pizarro, Francisco Parra and Alberto S. Poventud, and the defendant by attorney José Tous Soto. Notice having been filed of an appeal from the orders of this Court of November 19th and 20th directing the taking of the deposition and overruling the motion of the defendant to set aside the order of November 19th after hearing both parties the court is of the opinion that the said deposition should not be taken until a decision is rendered in the appeal taken; and the Court overrules the oral motion of the plaintiffs to compel defendant María Dragoni y Dragoni to notify them in case she should decide to leave Porto Rico."

At this stage the plaintiff in the action filed in this court a petition in certiorari under No. 636 and moved also for the dismissal of the appeal taken by the defendant on November 23rd filed in this court under No. 4848. Both parties have been heard fully and as the two appeals are intimately related, we shall consider the question raised in them in this single opinion.

The fundamental question is whether or not the orders of November 19th and 20th are appealable.

The appellant contends that the order by virtue of which the district judge granted the motion of the plaintiff and directed the taking of the deposition of witness María Dragoni, the defendant in the action, has the character of a final judgment in a special proceeding and is therefore appealable under subdivision 1 of section 295 of the Code of Civil Procedure, and contends also that the latter order is appealable under subdivision 3 of section 295 because it has the nature of a special order made after final judgment.

The defendant-appellant cites in support of her contention the cases of *Sharon* v. *Sharon,* 67 Cal. 185, in which it was held that a final judgment is not necessarily the last judgment rendered in the action, of *Hildebrand* v. *Superior Court,* 173 Cal. 86, and of *Title Ins. & Trust Co.* v. *California Development Co.,* 159 Cal. 489, in which it was said that the rule as deduced from the authorities is that those orders

234

made in collateral proceedings requiring the payment of money by the complaining party or exacting the commission of acts by or against him are final and appealable.

In our judgment the jurisprudence cited does not favor the appellant. The juridical nature of the act of ordering the taking of a deposition in relation to the finality of the act itself for the purpose of appeal does not change because the deponent may be a party or merely a witness. If the act be considered as final for the purpose sought, all orders made by a court in the course of a litigation could be considered as final.

The appellant also copies the following from 9 Cal. Jur. 397: "And the taking of a deposition is as clearly one of the 'proceedings' of the court, as was the taking of testimony before the master or examiner in a suit in equity." In order to verify the scope of that citation it is sufficient to quote what is said on page 399, as follows: "It is a primary rule that the person taking a deposition must be one authorized by law. The taking of a deposition is a part of the proceedings in the court for whose use the evidence is sought to be taken, and where the judge himself is acting, it is a proceeding before him."

An appeal is a proceeding regulated by law and lies only in the cases included therein. The law in force in Porto Rico, i. e., section 295 of the Code of Civil Procedure, shows clearly that the cases of the appellant are not included therein.

A deposition is a means of bringing evidence before the court and the court has not only inherent power, but the power expressly recognized by the statute, to order its taking. Under the same statute depositions may be taken not only in ordinary actions, but also in special proceedings. Sections 111 and 135 of the Law of Evidence. It is something which occurs in the course of the proceedings and the orders of the court are reviewable on appeal from the final judgment rendered in the action.

This being so, it is an inevitable consequence that the

district court erred in holding on November 24, 1928, that it had no jurisdiction to act until the Supreme Court had disposed of the appeal taken from its orders of November 19 and 20, 1928.

Therefore, in the certiorari proceeding No. 636 the order of November 24, 1928, must be vacated and the case remanded to the court of its origin for further proceedings in accordance with the law; and in the appeal No. 4848 the motion to dismiss must be sustained.