254

La Sucesión de J. B. Dragoni, compuesta de su viuda Margarita Pelliccia y sus hijos Magdalena, Ana Lucía Teresa, María Antonia, Silvestre y Pablo Dragoni y Pelliccia, peticionaria, v. La Corte de Distrito de Ponce, Hon. Roberto H. Todd, Jr., Juez, demandada; Margarita Dragoni Pelliccia, por sí y para beneficio de la Sucesión de J. B. Dragoni, demandante y apelada, v. María Dragoni y Dragoni, demandada y apelante.

No. 636 y 4848.—*Sometidos:* Febrero 4, 1929. *Resueltos:* Marzo 5, 1929.

*F. Parra Capó, López de Tord & Zayas Pizarro* y *José A.* y *Alberto S. Poventud,* abogados de los peticionarios en el *certiorari; Tous Soto & Zapater,* abogados de la demandada en el caso principal e interventora en dicho *certiorari: Tous Soto & Sabater,* abogados de la apelante en el segundo caso; *López de Tord & Zayas Pizarro,* abogados de la apelada en el mismo.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En la Corte de Distrito de Ponce Margarita Dragoni Pelliccia, por sí y para beneficio de la Sucesión de J. B. Dragoni inició un pleito sobre declaratoria de simulación contra María Dragoni y Dragoni. La demanda original tiene fecha julio 26, 1928. Se emplazó la demandada, surgieron varios incidentes y finalmente se presentó una demanda enmendada el 12 de noviembre, 1928, y siete días después una solicitud para que se dictara una orden para tomar la deposición de la testigo María Dragoni, basándose en que dicha testigo, la demandada en el pleito, intentaba ausentarse de Puerto Rico. La corte accedió y fijó el día 20 de noviembre, 1928, para la toma de la deposición.

María Dragoni presentó una oposición escrita. La corte la declaró sin lugar pero haciendo constar que no existía razón para acortar el tiempo, dado lo alegado por la demandada en relación con su propósito de no ausentarse de la isla, transfirió la fecha de la toma de la deposición para el 24 del propio mes de noviembre.

El 23 de noviembre, 1928, la demandada apeló de las órdenes de la corte de 19 de noviembre decretando la toma de la deposición el 20 y del 20 desestimando la oposición de la demandada y fijando la toma de la deposición para el 24.

El 24 de noviembre, 1928, ocurrió en la corte lo que sigue:

"Llamado este caso para la toma de deposición a la demandada María Dragoni y Dragoni, comparecieron los demandantes representados por sus abogados Ledos. Vicente Zayas Pizarro, Francisco Parra y Alberto S. Poventud, y la demandada representada por su abogado Ledo. José Tous Soto. Habiéndose radicado un escrito de apelación contra las órdenes de esta Corte de 19 y 20 de noviembre corriente ordenando dicha deposición y denegando la moción de la demandada para que se deje sin efecto la orden de noviembre 19, y oídas ambas partes, la Corte es de opinión que no procede tomar dicha deposición hasta tanto se resuelva el recurso de apelación interpuesto; y la Corte deniega la moción oral de los demandantes

para que obligue a la demandada María Dragoni y Dragoni a notificarles en caso de que resuelva ausentarse de Puerto Rico.''

Así las cósas la parte demandante en el pleito presentó en esta Corte Suprema la solicitud de *certiorari* que se radicó con el número 636 y pidió además la desestimación de la apelación interpuesta por la parte demandada el 23 de noviembre radicada en esta corte con el número 4848. Ambas partes han sido oídas ampliamente y como los dos recursos están tan íntimamente relacionados estudiaremos las cuestiones planteadas en los mismos en esta sola opinión.

██ La cuestión fundamental a resolver es ésta: ¿Son apelables las órdenes de 19 y 20 de noviembre, 1928?

La parte apelante sostiene que la primera o sea aquella por virtud de la cual el juez de distrito accedió a la solicitud de la parte demandante y ordenó que se tomara deposición a la testigo María Dragoni, demandada en el pleito, tiene el carácter de una sentencia final en un procedimiento especial y es por tanto apelable de acuerdo con el número 1 del artículo 295 del Código de Enjuiciamiento Civil. Y sostiene también que la segunda lo es de acuerdo con el número 3 del propio artículo 295 porque tiene el carácter de una providencia especial dictada después de sentencia definitiva.

En apoyo de su criterio cita la parte demandada y apelante el caso de *Sharon* v. *Sharon*, 67 Cal. 185 en el que se resuelve que una sentencia final no es necesariamente la última que se pronuncia en el pleito, *Hildebrand* v. *Superior Court*, 173 Cal. 86 y *Title Ins. & Trust Co.* v. *California Development Co.*, 159 Cal. 489, en los que se expone que la regla tal como se deduce de las autoridades es que son finales y apelables aquellas órdenes dictadas en procedimientos colaterales que requieren el pago de dinero por la parte que se queja o que exigen la comisión de un acto por o contra ella.

A nuestro juicio la jurisprudencia invocada no beneficia a la apelante. La naturaleza jurídica del acto de ordenar la toma de una deposición en relación con la finalidad del acto

en sí a los efectos de apelar, no varía porque el que vaya a declarar sea una parte o sea otro testigo cualquiera. Si se considerara tal acto como final a los fines pretendidos, podrían considerarse finales todas las resoluciones que va dictando la corte en el curso de los litigios.

Cita también la parte apelante lo que sigue que copia de 9 Cal. Jur. 397: "Y el tomar una deposición es tan claramente uno de los procedimientos de la corte, como lo sería la toma de testimonio ante el *master* o *examiner* en un pleito en equidad." Para comprobar el alcance de esa cita basta seguir la referencia que contiene al pie, esto es, lo que se dice más adelante en la página 399, a saber: "Es una regla básica que la persona que toma una deposición debe estar autorizada para ello por la ley. La toma de una deposición es una parte de los procedimientos de la corte para cuyo uso la evidencia se toma, y cuando el juez mismo actúa, es un procedimiento ante él."

Una apelación es un procedimiento regulado por la ley y sólo cabe, en tal virtud, en los casos comprendidos en la misma. Examinada la ley que rige en Puerto Rico—el citado artículo 295 del Código de Enjuiciamiento Civil—se concluye fácilmente que los casos de la apelante no están en ella comprendidos.

La deposición es un medio de aportar evidencia ante el tribunal, y la corte tiene poder tanto expresamente reconocido en la ley cuanto inherente para ordenar su toma. De acuerdo con la misma ley pueden tomarse deposiciones no sólo en los pleitos ordinarios si que también en los procedimientos especiales. Artículos 111 y 135 de la Ley de Evidencia. Es algo que ocurre en el curso de los procedimientos, siendo revisables en apelación las resoluciones de la corte, al revisarse la sentencia final que se dicte en el litigio.

Siendo ello así, es una consecuencia inevitable que la corte de distrito erró al considerarse a sí misma el 24 de noviembre, 1928, sin jurisdicción para actuar mientras esta Corte Su-

prema resolviera la apelación establecida contra ·sus órdenes de 19 y 20 de noviembre, 1928.

En tal virtud en el *certiorari* No. 636 debe decretarse *la nulidad de la resolución* de 24 de noviembre, 1928, y devolverse el pleito a la corte de su origen para que continúe conociendo del mismo de acuerdo con la ley; y en la apelación No. 4848 debe decretarse la desestimación solicitada.