**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                            **No. 28,844**

**JESSIE PAUL MORA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ernesto Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals from his convictions for trafficking cocaine and conspiracy to traffic cocaine. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has filed an untimely memorandum in opposition,

which this Court has agreed to accept as timely. We have considered Defendant's arguments, and as we are not persuaded by them, we affirm.

**Issue 1:** Defendant contends that the district court erred by not permitting his attorney sufficient time to conduct an effective voir dire. [DS 3; MIO 3-5] District courts "are given broad discretion in overseeing the voir dire process," and "[a] criminal conviction will be reversed only where the trial court has clearly abused its discretion in limiting voir dire." *State v. Martinez*, 2002-NMCA-036, ¶ 31, 131 N.M. 746, 42 P.3d 851.

Defendant asserts that prior to trial, the parties agreed on a ten-minute time limit for voir dire, but that the prosecuting attorney and the judge took up some of his allotted time by making objections to his questions, resulting in bench conferences that took up even more time. [DS 1-2; MIO 4] At the end of the time allocated for Defendant's voir dire, his attorney requested additional time, but the district court denied the request. [DS 2] In this Court's notice of proposed disposition, we proposed to hold there was no abuse of discretion in the district court's actions, as this Court has already held that a district court may properly limit the time each party may use for voir dire, *see id.* ¶¶ 31-35, and as Defendant had failed to either distinguish

this case from *Martinez* or to explain why the time limitations imposed by the district court deprived him of a fair and impartial jury.

In Defendant's memorandum in opposition, he argues that *State v. Isiah*, 109 N.M. 21, 781 P.2d 293 (1989), *overruled on other grounds by State v. Lucero*, 116 N.M. 450, 863 P.2d 1071 (1993), and *Sutherlin v. Fenenga*, 111 N.M. 767, 810 P.2d 353 (Ct. App. 1991), warrant reversal in this case. [MIO 4] However, both of those cases addressed limitations placed on the subject matter of questions a party wanted to ask in order to uncover bias during voir dire. *See Isiah*, 109 N.M. at 25-28, 781 P.2d 297-300 (discussing a district court's refusal to permit questions about jurors' racial attitudes); *Sutherlin*, 111 N.M. at 775-77, 810 P.2d at 361-63 (discussing the district court's decision to permit questions about potential jurors' possible biases related to insurance and insurers). These cases are inapplicable because Defendant has not argued that the district court either prevented him from asking questions about a particular subject or that the time limits it imposed effectively prevented him from asking questions relating to a particular subject. Accordingly, as Defendant has neither demonstrated that the time he was permitted was too short to ensure that the jury was impartial or that he was prevented from engaging in questioning intended to

uncover a particular sort of bias, we hold that the district court did not abuse its discretion.

Defendant also argues in his memorandum in opposition that the district court's refusal to permit Defendant to submit supplemental questionnaires to potential jurors warrants reversal. [MIO 4] However, Defendant did not raise this issue in his docketing statement and does not argue on appeal that it meets this Court's standards for an amendment to the docketing statement. Furthermore, even if this issue were properly before this Court, Defendant has failed to explain what subject matter the questionnaires would have covered, why this information was not sufficiently uncovered in the standard questionnaires and the voir dire conducted by the State and Defendant, and how the fact that the questionnaires were not submitted deprived Defendant of his right to an impartial jury. Accordingly, Defendant has not demonstrated that the district court abused its discretion.

**Issue 2:** Defendant argues, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-59, 712 P.2d 1, 4-5 (Ct. App. 1985), that there was insufficient evidence to convict him of trafficking cocaine and conspiracy to traffic cocaine. [DS 3, 4; MIO 5-6] "The standard of review for sufficiency of the evidence is whether substantial evidence of either a direct

4

or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Rudolfo*, 2008-NMSC-036, ¶ 29, 144 N.M. 305, 187 P.3d 170 (internal quotation marks and citation omitted). This Court reviews the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id*. (internal quotation marks and citation omitted). The question before this Court "is not whether we would have had a reasonable doubt but whether it would have been impermissibly unreasonable for a jury to have concluded otherwise." *Id.*

We hold that there was sufficient evidence to support Defendant's convictions in this case. During Defendant's trial, a law enforcement officer testified that during an undercover sting operation, drugs were purchased from a co-defendant who was speaking with Defendant both prior to and during the transaction. [DS 3] Although the law enforcement officer stated that he or she was unable to hear what Defendant said to the co-defendant, the officer testified that Defendant made incriminating statements to the officer indicating that the officer could obtain more drugs from Defendant when the officer needed them. [DS 3; MIO 2-3] The officer further testified that drugs and currency were found on the co-defendant. [DS 3] We

proposed to conclude that this evidence was sufficient to support a conviction for both trafficking and conspiracy to traffic in accordance with the instructions given at trial. [*See* RP 157-59]  Although Defendant points to evidence that supported Defendant's theory of innocence, this Court does not consider evidence supporting an acquittal when reviewing the sufficiency of the evidence. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**



_____
**ROBERT E. ROBLES, Judge**

6